Beck *v.* Beck.

---

## WILLIAM W. BECK *v.* AARON H. BECK.

1. CHANCERY: PRACTICE: DEMURRER NOT PROPER TO PLEA OR REPLICATION.—
A demurrer to a plea or replication in chancery, is not the proper mode of testing its sufficiency; the established practice is, to set down the plea or replication for hearing.

2. SAME: PLEADING: PLEA IN ABATEMENT.—The same strictness in framing pleas in abatement is required in chancery, as at common law. See Story's Eq. Pl. § 273.

3. SAME: SAME.—When a temporary disability of the complainant to sue, is pleaded in abatement to a bill in equity, the plea should conclude with a prayer, "that the bill shall remain without day until the disability be removed," and not "that the bill be dismissed." See 1 Chit. Pl. 495.

4. SAME: SAME.—A plea in abatement in chancery must be sworn to. See 1 Chit. Pl. 496.

5. CIVIL RIGHTS: SENTENCE TO PENITENTIARY SUSPENDS RIGHT TO SUE: EFFECT OF ESCAPE.—A person who has been sentenced to the penitentiary, is incapable of maintaining a suit in the courts of this State, during the term of his imprisonment; and if he escape from the prison before the expiration of his term, his disability continues as if he were actually imprisoned.

ERROR to the Chancery Court of Monroe county.   Hon. Joel M. Acker, chancellor.

*Locke E. Houston*, for plaintiff in error.

1. The plea in abatement was insufficient.   1 Bac. Ab. tit. Abatement, N. §§ 2–6–8; O. § 8, note A; 2 Haywood R. 32; 1 Johnson's Cases, 397; 16 J. R. 307; 2 Dall. 184; 3 Caines R. 99; Rev. Code, 493, Art. 94.

2. On the second point, as to the right of the complainant to file his bill, Mr. Houston commented on the statute, Hutch. Dig. 982, § 15, and insisted that it was highly penal, and must be construed strictly, and only applied when the body was actually imprisoned.

*Sale* and *Phelan*, for defendant in error,
Cited and relied on Hutch. Dig. 982, § 15.

HANDY, J., delivered the opinion of the court.

This was a bill in chancery, filed by the appellant, for the purpose of effecting a division of certain slaves between him and the appellee, left to them by the will of their father.

The appellee pleaded in abatement to the bill, that at the July term, 1852, of the Marshall Circuit Court, the appellant was indicted for stealing a slave, of which charge he was convicted on the 29th of January, 1853, and on the 7th of February, 1853, was sentenced to confinement in the State penitentiary for the term of five

years from the date last stated.   To this plea, the appellant filed
a demurrer, setting forth sundry causes of demurrer; and, among
others, that it was pleaded by attorney, and not by the appellee
in person; and that it was not sworn to by the appellee, or any
other person.   The court overruled the demurrer; and thereupon
the appellant replied, that he was not imprisoned in the peniten-
tiary at the time of the institution of this suit, but had escaped
therefrom long before its institution.   To this the appellee de-
murred, and the demurrer was sustained, and the bill dismissed.

The practice of filing a demurrer to a plea or a replication in a
suit in chancery, is unknown to proceedings in that court.   A de-
murrer is only allowed to be filed to a bill; and the practice as to
the further pleadings, where their sufficiency is contested, is to set
them down for hearing.   But treating the demurrers here as having
the same effect as if the plea in the first instance, and the replica-
tion in the second, had been set down for hearing, we will consider
the objections to their sufficiency respectively.

With respect to the replication, it is manifestly without force,
and would appear to be frivolous, but for the effort to maintain it
here.   It is attempted to be justified by the 15th section of Hutch.
Code, 982, which provides that a sentence of imprisonment in the
penitentiary, &c., suspends all the civil rights of the person sen--
tenced, &c., " *during the term of such imprisonment.*"   The repli-
cation shows that the appellant had escaped from the penitentiary
before the institution of the suit, and before the expiration of his
term of imprisonment.   He was, therefore, in law still in confine-
ment, and incapable of exercising any civil rights.   It is absurd to
suppose that he is entitled to any exemption from the disability im-
posed by the statute, by reason of his escape from the penalty of the
law, and to which he is subject to be restored whenever he is within
reach of the proper officers of this State.

As to the plea in abatement, it is laid down that the same strict-
ness is applicable to such pleas in chancery, as at common law.
Story's Eq. Pl. § 723.

Testing the plea in this case by the rules of the common law, it
is insufficient in at least two important respects:   1st. It is not
sworn to.   1 Chitty Pl. 496.   And 2d. It prays to be dismissed,
when, relying as it did on a mere temporary disability of the com-

plainant, it should have concluded with a prayer that the bill should remain without day until the disability was removed. Ib. 495.

The plea should, therefore, have been held insufficient. The decree must be reversed, and the case remanded for further proceedings.